UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN DAVIS,

        Petitioner,

 v.                                                     Case No. 08-C-212

ANA BOATRIGHT,

        Respondent.

**ORDER**

On March 10, 2008, Glenn Davis filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 1997, petitioner was convicted in Milwaukee County Circuit Court.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner's case is based on an attack against various assistant district attorneys who prosecuted him. In sum, he appears to believe that they withheld exculpatory evidence in the form

of DNA. Although this could potentially state a basis for habeas relief, the face of the petition suggests that the statute of limitations has run on any claims Davis might have.

Title 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. According to the petition, Davis was convicted in 1997 and did not file any appeal until 2003. His appeal (if that is what it was) was resolved in March 2005. Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations begins to run from the date on which judgment "became final," and it appears that Davis' judgment of conviction became final when he failed to appeal in 1997. Even taking the later 2003 appeal date into consideration, that appeal was finalized in March 2005. Either way, well over one year has passed since his conviction has become final. Subsequent state court efforts to obtain a writ of mandamus do not somehow resurrect the expired statute of limitations.

Accordingly, petitioner is **ORDERED** to show cause, within 21 days, why this case should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006). If petitioner fails to respond within 21 days, his petition will be dismissed with prejudice.

Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be **GRANTED**.

**SO ORDERED** this <u>   13th   </u> day of March, 2008.

<u>  s/ William C. Griesbach        </u>
William C. Griesbach
United States District Judge